UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DAVID L. MEREDITH, ET AL.                                                               PLAINTIFFS

v.                                                            CIVIL ACTION NO. 3:10CV-536-MO

THOMAS E. GOIN, ET AL.                                                                  DEFENDANTS

MEMORANDUM OPINION

This case, removed from Jefferson Circuit Court, involves a dispute between a limited liability company ("Meredith" or the "LLC") and a former salesman ("Goin") who seeks to withdraw from the LLC and to do business now with the former LLC's customers and suppliers through a new limited liability company of his own, Heartland Machinery & Engineering, Inc. Although the LLC and the salesman entered into a detailed operating agreement, which contemplated an employment agreement between the two, there was never an executed version of an employment agreement, which might have contained explicit undertakings concerning confidential information, a non-competition covenant, and other typical provisions. The LLC sued in state court, arguing that the salesman, who tendered his resignation, continues to be bound by significant fiduciary responsibilities which limit his right to use the LLC's customer list, pricing, and other information to compete. An impending trade show in Chicago brings the matter to the court's immediate attention. The case is before the federal court on cross-motions concerning the extension or dissolution of the state restraining order, and on a motion to remand.

As a threshold matter, the court must determine its jurisdiction and rule on the LLC's motion to remand. Removal is premised on diversity jurisdiction. The LLC has sued both the salesman individually and his new business, Heartland. The defendants are citizens of Indiana.

An LLC is deemed to be a citizen of all the jurisdictions of its constituent members. Although the salesman was a 30% member of the LLC, he asserts that he has now withdrawn, and his Indiana citizenship may no longer be imputed to the LLC. The LLC contends that he remains a member, in some capacity, such that the LLC is deemed to be a citizen of both Kentucky and Indiana. If the LLC is correct, there is incomplete diversity and the case must be remanded.

On June 18, 2010, Goin tendered a resignation to Meredith Machinery. The resignation purported to resign all his responsibilities in sales and management of the business. However, in July he sought, via an additional letter, to have the major stakeholder in Meredith purchase his 30% interest in the LLC. In short, he attempted via the June 18 resignation to terminate his active involvement in the LLC, but recognized that he continued to have an economic investment in the business.

> The operating agreement provides as follows in section 16.1(a):
>
> Subject to the provisions herein, upon the Bankruptcy, divorce, or Incapacity of any Member of if such Member withdraws from the Company, voluntarily or involuntarily ("Event of Disassociation"), that Member ("Inactive Member") or such Inactive Member's Representative shall cease to have any voice in the conduct of the affairs of the Company, and all acts, consents and decisions with respect to the Company shall thereafter be made by the other remaining Members. The Inactive Member shall, nonetheless, remain liable for such Member's share of any contributions or loans to the Company as provided herein.

Under the provisions of section 16.1(b), an Inactive Member, including one who has disassociated by withdrawal, may sell his or her interest to another member. The section also treats the rights of withdrawn members, under certain circumstances, to the return of their initial capital contribution.

Defendant Goin has argued that he became completely disassociated with the LLC, and

2

thoroughly withdrawn from it, with his June 18 resignation. However, the Operating Agreement makes it plain that a member who ceases active involvement and becomes an Inactive Member continues to have certain rights (the right to transfer his capital interest for consideration or to receive his initial contribution) and certain responsibilities (at a minimum, the liability for the Inactive Member's share of contributions and loans). Goin's letter of July 2, 2010, seeking to have the controlling member purchase Goin's interest, confirms this ongoing involvement with the LLC.

Under the Operating Agreement, the most that can be said for Goin in terms of his separation from the LLC is that he became an Inactive Member. (The LLC argues that, under section 16.4 and under the version of KRS 275.280 in effect on June 18, consent of all members was required for any form of withdrawal and that the absence of such consent leaves Goin a member. Whether Goin is a full member or an Inactive Member, however, makes no difference in the diversity jurisdiction analysis, for the reasons set out below).

The United States Supreme Court has addressed the question of what degree of involvement in a partnership is required in order for the citizenship of a partner to be attributed to partnership for diversity purposes. In *Carden v. Arkoma Associates*, 494 U.S. 185 (1990), the Court, per Justice Scalia, ruled that a partnership is a citizen of all the jurisdictions of its partners, including limited partners. Thus, the ownership of a limited investment interest, without the right to manage the general affairs of a partnership, is sufficient that the citizenship of the limited partner is attributed to the entity. The majority opinion noted: "In sum, we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of of the entity's members. We adhere to our

oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members....'"(594 U.S. at 195 (citations omitted)).

This court concludes that the analysis in *Carden* is controlling, and that Goin's continuing rights and responsibilities as an Inactive Member mean that his citizenship must be attributed to the LLC in determining diversity. His situation seems closely akin to that of a limited partner, who has no right to manage the entity but who retains a continuing investment interest. We are instructed to look to the "citizenship of all the members," whether senior or junior, general or limited, full or inactive.

The decision in the *MetalMark* case, cited by Goin, does not compel a different result. *MetalMark Northwest LLC v. Stewart*, 2008 WL 803011 (D. Ore. 2008) involves the analysis of diversity jurisdiction and the impact of a dissolved corporate member on diversity jurisdiction. Its factual pattern is distinguishable and it does not control. In that case, an LLC had as a member a corporation, Stewart Springs, which dissolved. The defendant, arguing for a remand, asserted that after the Stewart Springs corporation dissolved, its assignee transferred its interests to a new corporation, and that the citizenship of the new, successor entity should be attributed to the LLC. As the court pointed out, the successor corporation could become a member of the LLC only upon the unanimous vote of the other members, and that consent was lacking. Although the case does involve a withdrawn member, it does not stand for the general principle that for diversity purposes one ignores the citizenship of a member who has resigned from active participation in the limited liability company.

Here, Mr. Goin retains an investment interest without management control, and is subject to certain potential liabilities. While he is now an Inactive Member, rather than a managing

4

member with full rights, *Carden* dictates that such status as a member is adequate to confer the Inactive Member's citizenship to the LLC for diversity purposes. Since Mr. Goin is an Indiana citizen, and since his Indiana citizenship is attributable to the LLC plaintiff under *Carden*, there is a lack of complete diversity and the district court lacks jurisdiction in this matter. Accordingly, the court will, by separate order entered concurrently with this order, grant the plaintiffs' motion to remand and dismiss all other pending motions as moot.

DATE:


cc: Counsel of Record